UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
|
AMERICAN SEATING COMPANY,                |   Case No. 1:07-cv-694
|
    Plaintiff,                                              |   HONORABLE PAUL MALONEY
|
    v.                                                           |
|
KAWAHARA DESIGN, INC.,                        |
|
    Defendant.                                              |
_____|

**OPINION AND ORDER**

**Granting the Plaintiff's Motion to Compel Compliance with Settlement and Prior Orders;
Directing the Return to Plaintiff of Funds Held in Registry of the Court**

    In March 2008, the parties informed the court that they had reached a settlement, and the court ordered the parties to file closing documents.  In May 2008, however, ASC moved to vacate the settlement, contending that Kawahara had failed to cure a material breach of the settlement.  On July 29, 2008, the court granted ASC's motion to vacate the settlement on the condition that ASC refund all funds which Kawahara had paid to ASC in partial performance thereof.

    ASC did not return the funds which Kawahara paid to ASC in partial performance of the settlement.  Instead, ASC filed a motion to enforce the settlement agreement.  Kawahara responded that it did not contest ASC's right to seek enforcement of the settlement, but contended that it would be unjust to let ASC change its mind and enforce the settlement without reimbursing Kawahara for the attorney fees and costs it incurred in opposing ASC's earlier motion to set aside the settlement.

    On September 29, 2008, this court conditionally granted ASC's motion to reinstate and enforce the March 19 settlement.  The court directed Kawahara to file an itemized list of the fees and costs

incurred in opposing ASC's May 2008 motion to vacate the settlement no later than Friday, October 17.  Kawahara electronically filed ("e-filed") the required list of fees and costs on Monday, October 20, explaining that it completed the list by the deadline but inadvertently neglected to e-file it. Kawahara asked that the court accept the late document for filing, and the court did so.

By order issued October 22, 2008, the court directed ASC to do one of the following:

Pay Kawahara the amount stated ($1,877.35), in which event the court would reinstate the settlement and direct the defendant to comply, and the case would be terminated; or

File a notice withdrawing its motion to reinstate and enforce the settlement agreement, in which event the settlement would not be reinstated, and the case would proceed according to the schedule set forth in the Case Management Order.

On November 7, 2008, ASC filed a notice stating that it "has this day elected option 1, and deposited the sum of $1,877.35 with the Clerk . . . for the defendant's costs incurred in opposing American Seating's original motion to set aside the settlement." ASC's Nov. 7 Notice at 1-2.

On December 1, 2008, this court issued an order stating, in pertinent part,

Per the parties' March 19, 2008 settlement, defendant **SHALL PAY** $25,000.00 to plaintiff. The plaintiff **SHALL** file a notice informing the court when it has received full payment. Thereafter, the Clerk will disburse the $1,877.35 in the registry of the Court to the defendant.

Order filed Dec. 1, 2008 in No. 1:2007-cv-694 (Maloney, C.J.) (Capitals & boldface in original).

On December 16, 2008, plaintiff ASC filed a motion to compel compliance with this court's December 1 order.  ASC complains that "Plaintiff's counsel sent defendant's counsel an e-mail on December 2, 2008, inquiring as to defendant's intentions with regard to paying the $25,000.00.  No response to this e-mail has been received to date, and a follow-up phone call was not returned."  P's Motion to Compel Compliance at 1 ¶ 3.  ASC also seeks interest, *see* P's Motion to Compel Compliance at 2 and Brief at 3, but as Kawahara points out, ASC fails to specify the period for which it seeks interest (e.g., pre-complaint, from complaint through judgment, or post-judgment) or the

statutory or other authority for an award of interest on the settlement in these circumstances, *see* Kawahara Opp at 1-2.  Kawahara also contends that "the settlement was inclusive of interest."  *See* Kawahara Opp at 2.  ASC failed to contest any of Kawahara's arguments, because ASC chose not to file a reply brief in support of its motion to compel compliance.

This court heard oral argument on February 23, 2009 and disposed of the matter as follows:

## ORDER

Plaintiff's motion to compel compliance with settlement [document # 58] is **GRANTED.**

**Judgment is entered in favor of the plaintiff** and against the defendant, in the amount of $25,000.00 (twenty-five thousand dollars) plus taxable costs and post-judgment interest accruing from December 1, 2008.

**Separately, the funds which the plaintiff deposited into the registry of the court** on November 7, 2008 under receipt number GR011807 **($1,877.35) shall be returned to the plaintiff and shall be credited toward the Judgment..**

**If the defendant fails to comply with this order, the court may** order the defendant to provide discovery of its finances and assets to the plaintiff, in aid of the plaintiff's efforts to collect on this settlement judgment.

This is a final order.

This case is **TERMINATED and CLOSED.**

**IT IS SO ORDERED this 26th day of February 2009.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge